IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILLIAM J. CONGER, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:07-CV-520-Y |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner William Joseph Conger, #538851, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Lovelady, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

#### C. FACTUAL AND PROCEDURAL HISTORY

Conger is serving concurrent 20-year and 40-year sentences in TDCJ on his 1990 state court

convictions for indecency with a child and sexual assault of a child in the Criminal District Court Number Three of Tarrant County, Texas, cause nos. 0349136D and 0349137D, respectively. *Ex parte Conger*, State Habeas Application No. 9,526-04 at 16 & 17. Conger has been denied release to parole five times by the Texas Board of Pardons and Paroles (the Board) on November 12, 1998, April 24, 2000, July 19, 2002, July 1, 2004, and most recently on April 11, 2007. (Attachments to Petition) One or more times the Board relied on the following factors for its denial:

> 2D. The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate poses an undue threat to the public; the record indicates use of a weapon.

Conger's next parole review date is set for March 2010. Conger filed two state habeas applications, one for each criminal case, challenging the Board's denial of parole, which were denied without written order on July 18, 2007. *Ex parte Conger*, State Habeas Application Nos. WR-9,526-07 & WR-9,526-08, at cove. This federal petition for habeas relief followed.

## D. ISSUES

Generally, Conger complains of the factors relied upon by the Board to assess the suitability of an inmate for release on parole and contends he is entitled to release to mandatory supervision. (Petition at 7-8 & Inserts)

## E. RULE 5 STATEMENT

Quarterman does not contend that Conger has not sufficiently exhausted his state remedies as to the claims presented and as required by 28 U.S.C. § 2254(b), however, he does contend that Conger's petition is time-barred under 28 U.S.C. § 2244(d)(1)(D).

F. STATUTE OF LIMITATIONS

Quarterman argues that Conger's petition is barred by the federal one-year statute of limitations. (Resp't Answer at 4-6) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The statutory provision set forth in subsection (D) governs when the limitations period in this case began to run, *viz.*, the date on which Conger could have discovered, through the exercise of due diligence, the factual predicate of his claims. The factual predicate of Conger's claims involving

3

the Board's denials of parole was discoverable on November 12, 1998, April 24, 2000, July 19, 2002, July 1, 2004, and April 11, 2007, the dates parole was denied. Accordingly, the one-year statute of limitations began to run on November 12, 1998, April 24, 2000, July 19, 2002, July 1, 2004, and April 11, 2007, respectively, and expired one year later on November 12, 1999, April 24, 2001, July 19, 2003, July 1, 2005, and April 11, 2008, respectively, absent any applicable tolling. Thus, the petition, filed on September 4, 2007, is untimely as to the Board's November 12, 1998, April 24, 2000, July 19, 2002, and July 1, 2004, denials. The petition is timely with respect to the April 11, 2007, denial.

## G. DISCUSSION

Conger claims the Board's rote reliance, time and again, upon factors such as the nature of the offense, an unchanging factor, the general offense character, and whether the inmate poses a danger to the public, without making a reasoned, individuallized and factually-based decision, violates his constitutional due process rights.

A habeas corpus applicant under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). A state prisoner does not have a federal constitutional right to early release on parole. *See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). The decision to parole or not to parole is discretionary under Texas law. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Texas statutes, past and present, do not create a protectible liberty interest which would implicate constitutional considerations. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana*, 65 F.3d at 32. Thus, while a petitioner may be eligible for parole,

4

the failure of the Board to grant parole does not merit federal habeas relief. *Orellana*, 65 F.3d at 31-32; *see also Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981). Because Conger has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedural guidelines affecting his suitability for parole or the factors considered by the Board to reach its decision. *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007); *Allison*, 66 F.3d at 73; *Orellana*, 65 F.3d at 32.

Conger claims that the Board has repeatedly, and incorrectly, cited "use of a weapon" among the factors in denying his release to parole. Although the Board has listed "use of a weapon" as a contributing factor in the last three denials, it explicitly acknowledged in a letter to Conger dated June 13, 2007, that there is no affirmative finding of a deadly weapon in his cases according to its "offense of Records." (Attachments to Petition) Thus, the claim does not merit federal habeas relief.

Finally, in his response to Quarterman's answer, Conger claims for the first time that he is entitled to release to mandatory supervision under the law in effect at the time the offenses were committed on September 15, 1987. (Pet'r Reply at 6-11) This claim was not raised in Conger's state habeas applications and is unexhausted. 28 U.S.C. § 2244(b)(1)(A), (2). Nor has Conger presented any evidence that he has, in fact, been denied release to mandatory supervision by the Board. Nevertheless, effective September 1, 1987, Texas law was amended to except from mandatory supervision eligibility any inmate convicted of sexual assault under § 22.011 of the Texas Penal Code. *See* Act of May 25, 1987, 70th Leg., R.S., ch. 384, §6, 1987 Tex. Gen. Laws 1887, 1889 (current version at TEX. GOV'T CODE ANN. § 508.149 (Vernon Supp. 2007)). Thus, under state law in effect when Conger committed the offenses, he is not, and was never, eligible for release to

5

mandatory supervision in cause no. 0349137D. A federal habeas court must defer to state courts on matters of state statutory interpretation where no federal constitutional rights are implicated. *See Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995); *Fierro v. Lynaugh*, 879 F.2d 1276, 1278 (5th Cir. 1989). Accordingly, no constitutional violation has occurred and his claim does not merit federal habeas relief. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997).

In conclusion, the rejection on the merits by the state courts of Conger's claims that he was improperly denied release on parole was the product of neither unreasonable interpretations of clearly established federal law nor unreasonable determinations of the facts from the evidence presented to the state courts. Thus, the state courts' determination that Conger was not entitled to postconviction relief is not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court habeas proceeding.

## II. RECOMMENDATION

Conger's petition should be DENIED, in part, and DISMISSED with prejudice, in part, as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file, not merely place in the mail, specific

written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 14, 2008. Failure to file specific written objections within the specified time shall bar a de novo determination by the district court of any finding of fact or conclusion of law and shall bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 14, 2008, to serve and file, not merely place in the mail, written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 24, 2008.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE